IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | | |
|---|---|---|
| THE LAMPO GROUP, LLC D/B/A RAMSEY SOLUTIONS, | § § § § § § § § § § § § § | |
| *Plaintiff,* | | |
| v. | | Case No.: 3:18-cv-01402 |
| KEVIN HELMUT PAFFRATH, THE PAFFRATH ORGANIZATION, and MEETNDONE CORPORATION, | | District Judge Eli J. Richardson |
| | | Magistrate Judge Barbara D. Holmes |
| *Defendants.* | | |

**DEFENDANT KEVIN HELMUT PAFFRATH'S MEMORANDUM IN SUPPORT OF HIS MOTION FOR JUDGMENT ON THE PLEADINGS AS TO COUNT IV**

## I. Introduction

The Plaintiff's Strategic Lawsuit Against Public Participation ("SLAPP-suit") alleges that Defendant Kevin Helmut Paffrath made knowing and deliberate misrepresentations to the Plaintiff in advance of the Parties' short-lived contractual relationship. *See* Doc. #41-1, ¶¶ 55, 56, 62, 99, 104, 105, 106. Other than a single bare, conclusory legal conclusion appended to the end of paragraph ¶ 110, however—which alternatively alleges that "Paffrath had knowledge of the representations' falsity, utter disregard for their truth, or did not exercise reasonable care in obtaining or communicating the information upon which Ramsey justifiably relied," *see* Doc. #41-1, p. 15, ¶ 110—the Plaintiff's Complaint is wholly devoid of any allegation, factual or otherwise, that supports a negligent misrepresentation claim. Accordingly, Judgment on the

-1-

Pleadings should enter in Mr. Paffrath's favor with respect to the Plaintiff's fourth cause of action alleging negligent misrepresentation.  *See* Doc. #41-1, pp. 15-16.

## **II.  Standard of Review**

Mr. Paffrath's Motion for Judgment on the Pleadings as to the Plaintiff's negligent misrepresentation claim is subject to familiar standards of review:

> The Federal Rules of Civil Procedure provide that after the pleadings are closed, but within such time as not to delay the trial, any party may move for judgment on the pleadings. Fed. R. Civ. P. 12(c). Rule 12(c) may be employed as a vehicle for raising several of the defenses enumerated in Rule 12(b), including the defense of failure to state a claim upon which relief may be granted.
>
> When that defense is raised via a motion for judgment on the pleadings, the district court evaluates the motion using the same standard applied to a motion to dismiss for failure to state a claim under Rule 12(b)(6).  Thus, the same rules which apply to judging the sufficiency of the pleadings apply to a Rule 12(c) motion as to a motion filed under Rule 12(b)(6). Indeed, when a Rule 12(c) motion is based on an asserted failure to state claim upon which relief can be granted, the only differen[ce] between Rule 12(c) and Rule 12(b)(6) is the timing of the motion to dismiss.
>
> . . . .
>
> [F]actual allegations that are merely consistent with the defendant's liability do not satisfy the claimant's burden, as mere consistency does not establish plausibility of entitlement to relief even if it supports the possibility of relief. In determining whether a complaint is sufficient under the standards of *Iqbal* and its predecessor and complementary case, *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), it may be appropriate to "begin [the] analysis by identifying the allegations in the complaint that are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 680. Identifying and setting aside such allegations is crucial, because they simply do not count toward the plaintiff's goal of showing plausibility of entitlement to relief. As suggested above, such allegations include "bare assertions," formulaic recitation of the elements, and "conclusory" or "bald" allegations. The question is whether the remaining allegations – factual allegations, i.e., allegations of factual matter – plausibly suggest an entitlement to relief. If not, the pleading fails to meet the standard of Fed. R. Civ. P. 8 and thus must be dismissed pursuant to Rule 12(b)(6).

*Hasting v. First Cmty. Mortg.*, No. 3:17-CV-00989, 2018 WL 5808727, at *1–2 (M.D.

Tenn. Nov. 6, 2018) (cleaned up).

For its part, Tennessee law[1] additionally provides that:

> Liability for negligent misrepresentation will result: if defendant is acting in course of his business, profession, or employment, or in transaction in which he has pecuniary interest and if plaintiff establishes that the defendant supplied information to the plaintiff meant to guide others in their business transactions; the information was false; the defendant did not exercise reasonable care in obtaining or communicating the information; and the plaintiff justifiably relied on the information.

*Homestead Grp., LLC v. Bank of Tennessee*, 307 S.W.3d 746, 751 (Tenn. Ct. App. 2009) (citing *Walker v. Sunrise Pontiac–GMC Truck, Inc.*, 249 S.W.3d 301, 311 (Tenn. 2008)).

### III.  Plaintiff's Factual Allegations

The Plaintiff's Complaint is premised upon extensive factual allegations of knowing and deliberate misrepresentation, rather than negligence. *See* Doc. #41-1, ¶¶ 55, 56, 62, 99, 104, 105, 106.  Such allegations include, for instance, the following (strenuously contested) assertions:

> 55.  Unbeknownst to Ramsey when it entered into the Agreement, Paffrath never intended to comply with his obligations in the Agreement.
>
> 56.  Instead, Paffrath fraudulently induced Ramsey into the Agreement as a ruse to infiltrate Ramsey's ELP program, steal Ramsey's confidential and proprietary information, and unlawfully compete with Ramsey by posting false and malicious statements about Ramsey's ELP program on the internet as clickbait so that Paffrath could increase page views and resulting business with Paffrath and his affiliated companies, The Paffrath Organization and MeetNDone.
>
> 62.  Paffrath further admits in the video that he had no intention of serving the local territories assigned to him by Ramsey's ELP team.

---

[1] The Plaintiff insists that Tennessee law governs its Complaint.  *See* Doc. #33, p. 3.  Defendants disagree, but for purposes of the instant motion, the Plaintiff's claims cannot survive under Tennessee law, either, and they should be dismissed as a result.  Defendants nonetheless maintain their position that California substantive law governs the Plaintiff's non-contract claims.

-3-

> 98. Additionally, while Paffrath also represented he would abide by the terms of the ELP program, Paffrath clearly had no intentions of doing so when he entered into the Agreement.
>
> 99. Rather, Paffrath entered into the Agreement as a ruse to gain access to Ramsey's confidential, proprietary, and sensitive business information to benefit himself and to benefit his affiliated companies, The Paffrath Corporation and MeetNDone Corporation.
>
> 100. Paffrath's representations described above were material facts, were false when made, and were made by Paffrath either knowingly or without belief in their truth.
>
> 104. Paffrath's representations as described above were intentional misrepresentation of facts material to the transaction.
>
> 105. Paffrath had knowledge of the representations' falsity or utter disregard for their truth.
>
> 106. All of the representations were promises of action, which at the time Paffrath made them Ramsey reasonably relied upon them while Paffrath had no intent to perform.

*Id.*

Despite Plaintiff's repeated allegations of knowing and deliberate misconduct, though—which are essential for this speech-based lawsuit by a public figure to overcome threshold actual malice requirements—the Plaintiff has also tossed in, as an afterthought, a claim based on merely <u>negligent</u> misrepresentation. *See* Doc. #41-1, pp. 15-16. To support that claim, the Plaintiff's Complaint includes only the following lone, bare, formulaic, and purely conclusory recital: "Paffrath had knowledge of the representations' falsity, utter disregard for their truth, <u>or did not exercise reasonable care in obtaining or communicating the information</u> upon which Ramsey justifiably relied." *See* Doc. #41-1, p. 15, ¶ 110 (emphasis added).

For the reasons that follow, this bare, conclusory legal allegation—which enjoys no factual support elsewhere within the Plaintiff's Complaint—is insufficient to withstand

-4-

Case 3:18-cv-01402   Document 48   Filed 06/26/19   Page 4 of 7 PageID #: 609

Mr. Paffrath's Motion for Judgment on the Pleadings as to the Plaintiff's negligent misrepresentation claim. Accordingly, Judgment on the Pleadings as to the Plaintiff's negligent misrepresentation claim should be granted in Mr. Paffrath's favor.

### IV. Argument

A Plaintiff's "'bare assertions,' formulaic recitation of the elements, and 'conclusory' or 'bald' allegations" are not entitled to any presumption of truth on a Motion for Judgment on the Pleadings. *Hasting*, 2018 WL 5808727, at *2 (quoting *Iqbal*, 556 U.S. at 680). The bare, formulaic, conclusory, and alternatively pleaded legal assertion set forth in Paragraph ¶ 110 of the Plaintiff's Complaint satisfies these criteria in spades. *See id.;* Doc. #41-1, p. 15, ¶ 110. Accordingly, the Plaintiff's allegation in Paragraph ¶ 110 is not entitled to a presumption of truth, and it may safely be "set[] aside" when considering Mr. Paffrath's Motion for Judgment on the Pleadings. *Hasting*, 2018 WL 5808727, at *2 ("Identifying and setting aside such allegations is crucial, because they simply do not count toward the plaintiff's goal of showing plausibility of entitlement to relief.").

Absent Paragraph ¶ 110, there is not a single allegation in the Plaintiff's Complaint that supports a negligent misrepresentation claim regarding the Parties' contract. *See generally* Doc. #41-1. Indeed, the balance of the Plaintiff's Complaint—which is premised upon allegations of Defendant's knowing and deliberate misrepresentation—flatly contradicts the Plaintiff's negligence claim. *See, e.g.,* Doc. #41-1, ¶¶ 55, 56, 62, 99, 104, 105, 106. Given this context, the Plaintiff has failed to state a claim for relief—and it has certainly failed to state a *plausible* claim for relief—with respect to negligent misrepresentation. *See Hasting*, 2018 WL 5808727, at *2 ("The question is whether the remaining allegations – factual allegations, i.e., allegations of factual matter – plausibly

suggest an entitlement to relief. If not, the pleading fails to meet the standard of Fed. R. Civ. P. 8 and thus must be dismissed pursuant to Rule 12(b)(6).") (citing *Iqbal*, 556 U.S. at 680-83)).  As a consequence, Judgment on the Pleadings with respect to the Plaintiff's claim for negligent misrepresentation should be entered in Mr. Paffrath's favor.  *See id.*

## V.  Conclusion

For the foregoing reasons, this Court should enter Judgment on the Pleadings in favor of Defendant Kevin Helmut Paffrath with respect to the Plaintiff's claim for Negligent Misrepresentation (Count IV).

Respectfully submitted,

By: /s/ Daniel A. Horwitz
Daniel A. Horwitz, BPR #032176
1803 Broadway, Suite #531
Nashville, TN  37203
daniel.a.horwitz@gmail.com
(615) 739-2888

*Counsel for Defendants*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 26th day of June 2019, a copy of the foregoing was served via USPS mail, postage prepaid, emailed, and/or sent via CM/ECF, and to the following parties:

E. Todd Presnell
Brandon Bundren
BRADLEY ARANT BOULT CUMMINGS, LLP
1600 Division Street, Suite 700
Nashville, TN 37203
tpresnell@bradley.com
bbundren@bradley.com

*Counsel for Plaintiff the Lampo Group, LLC d/b/a Ramsey Solutions*

                                                  By:    /s/ Daniel A. Horwitz
                                                        Daniel A. Horwitz, Esq.