IN THE UNITED TSATES DISTRICT COURT
FOR THE MIDDLE DISTRIC OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| THE LAMPO GROUP, LLC dba<br>RAMSEY SOLUTIONS | )<br>)<br>) | |
| v. | )<br>) | Case No. 3:18-cv-1402<br>Richardson/Holmes |
| KEVIN HELMUT PAFFRATH, THE<br>PAFFRATH ORGANIZATION, and<br>MEETNDONE CORPORATION | )<br>)<br>) | |

**O R D E R**

A telephonic status conference was held on October 30, 2019, to address the pending discovery dispute, as well as other appropriate matters. Counsel participating were: Brandon Bundren for Plaintiff and for non-party David Ramsey and Daniel Horwitz for Defendants.

For the reasons discussed below, the described matters are resolved as follows. The motion of David Ramsey to quash subpoena and for a protective order (Docket No. 77) is GRANTED. Defendants' subpoena and notice of deposition of Mr. Ramsey (Docket No. 77-1) is QUASHED. Mr. Ramsey is granted a protective order from giving at a deposition at this time. However, if Mr. Ramsey's representations concerning the extent of his knowledge about the facts and circumstances of this dispute are ultimately inaccurate, Defendants can raise that matter at an appropriate time with the Court, which has the authority to fashion an appropriate remedy.

Plaintiff's motion for leave to file an amended complaint (Docket No. 81) is GRANTED. The Clerk is directly to separately file the Amended Complaint, presently found at Docket No. 81-1. Once filed, the amended complaint is the legally operative complaint, *Parry v. Mohawk Motors of Mich., Inc.*, 236 F.3d 299, 306 (6th Cir. 2000), thus rendering moot Defendants' pending motion to dismiss for failure to state a claim (Docket No. 38) and Defendants' pending motion for judgment on

the pleadings (Docket No. 47). The Clerk is therefore directed to terminate those motions without prejudice to refiling as to the Amended Complaint.

Also pending is Defendants' motion for leave to file documents under seal (Docket No. 42), which is GRANTED based on the temporary restraining order (Docket No. 10-1) that prohibits Defendants (and their counsel) from publicizing the subject videos.

This case arises out of a potential business relationship gone bad, as a result of which Plaintiff asserts various statutory and common law claims. During discovery, Defendants served a notice and subpoena for the deposition of David Ramsey, chairman and Chief Executive Officer of Plaintiff. (Docket No. 77-1.) Mr. Ramsey is not a party to this litigation. Mr. Ramsey maintains that his deposition would serve no useful purpose, because he has "no personal knowledge or involvement in the matters in dispute and has never had any dealings or corresponded with Defendants in anyway." (Docket No. 78 at 1.) *See also* Declaration of David L. Ramsey, III at Docket No. 77-3. According to Mr. Ramsey, the numerous other witnesses whom Defendants intend to depose possess the information relevant to Plaintiff's claims in this case. (Docket No. 78 at 2.) Further, Mr. Ramsey contends that the deposition is intended only to harass him and unreasonably interfere with his ongoing business obligations and therefore Plaintiff's business operations. (Docket No. 77-3.) In addition to articulating the perceived burden from giving a deposition (*id*.), Mr. Ramsey also asserts that the relevant information sought by Defendants can be obtained from the six corporate witnesses whom Defendants already intend to depose. (Docket No. 78 at 7.)

Defendants respond with disbelief that Mr. Ramsey does not possess personal knowledge of the underlying facts and circumstances of this dispute. (Docket No. 85.) Defendants further point to their offer to forego Mr. Ramsey's deposition in exchange for various stipulations by Plaintiff that go to the merits of this case. (Docket No. 85 at 6-7.)

Mr. Ramsey also filed a reply (Docket No. 89) and Defendants filed a notice, effectively a sur-reply (Docket No. 90), which the Court has also reviewed and considered.

2

Federal Rule of Civil Procedure 26(b)(2)[1] allows the court to relieve any undue burden on a responding party. The court can limit discovery if the information sought is overly broad or imposes an undue burden upon the party from whom discovery is sought. In *Surles v. Greyhound Lines, Inc.*, 474 F. 3d 288, 305 (6th Cir. 2007), the Sixth Circuit observed that "the desire to allow broad discovery is not without limits and the trial court is given wide discretion in balancing the needs and rights of both plaintiff and defendant." (quoting *Scales v. J. C. Bradford*, 925 F. 2d 901, 906 (6th Cir. 1996).

Rule 26(c) provides that a district "court may, for good cause, issue an order to protect a party from annoyance, embarrassment, oppression, or undue burden or expense" by, among other things, barring the deposition of that individual. Fed.R.Civ.P. 26(c)(1)(A). Good cause generally requires a showing of unreasonableness but "discovery has limits and ... these limits grow more formidable as the showing of need decreases." 8A Charles Alan Wright & Arthur R. Miller *et al.*, FEDERAL PRACTICE AND PROCEDURE § 2036 (3d ed. 2012). "Thus even very slight inconvenience may be unreasonable if there is no occasion for the inquiry and it cannot benefit the party making it. That is the premise of Rule 26(b)(2)(C)'s prohibition on disproportionate discovery demands, and it applies equally under Rule 26(c)." *Id*. (internal quotation marks omitted). Further, as noted by a colleague,

> [t]he court also possesses inherent authority to manage litigation. … As lawyers became more adept in utilizing the liberalized rules, the bench began to use its inherent powers to take a more active, hands on approach to the management of pending litigation. The judiciary is free, within reason, to exercise this inherent judicial power in flexible pragmatic ways.

---

[1] All references to rules are to the Federal Rules of Civil Procedure unless otherwise noted.

3

*Fox v. Amazon.com, Inc.*, No. 3:16-CV-3013, 2017 WL 9476870, at *2 (M.D. Tenn. Sept. 21, 2017) (Frensley, M.J.) (internal citations and quotation marks omitted).[2]

Here, Mr. Ramsey contends that, given his purported lack of personal knowledge of the facts involved in this litigation and the availability of other witnesses already scheduled for deposition by Defendants, the interference with his executive obligations that would ensue from giving a deposition is an unreasonable burden that amounts to harassment. (Docket No. 78.) To show the resulting harm, Mr. Ramsey provided a detailed declaration of his specific responsibilities as Plaintiff's CEO and Chairman of the Executive Committee, as well as those required by his position as a corporate executive of related entities, with which there would be interference if he is required to give deposition testimony. (Docket No. 77-2.)[3]

---

[2] In that case, Judge Frensley determined that the testimony of Jeff Bezos, CEO, President and Chairman of the Board of Amazon was not proportional to the burden and inconvenience on Amazon and Mr. Bezos, but with reservation for the plaintiffs to again raise the issue if the representations of Mr. Bezos' personal involvement and knowledge were "ultimately inaccurate." *Id.* As discussed below, the Court finds a similar approach appropriate in this case.

[3] A variation of this argument has sometimes been referred to as the "apex doctrine," which has been used by courts to shield high-level corporate officials from unnecessary or burdensome depositions. *Martinez v. McGraw*, No. 3:08-0738, 2013 WL 12313194, at *2 (M.D. Tenn. Jan. 25, 2013) (Bryant, M.J.) (citations omitted). The viability of that doctrine, or at least the use of that term, has however been called into question. *See Serrano v Cintas Corp.*, 699 F.3d 884, 899-902 (6th Cir. 2012). In *Serrano*, the Sixth Circuit made clear that the "apex doctrine" cannot be applied to grant a protective order based solely on an individual's corporate position without some showing that harm would result to the individual. *Id.* at 901-02. The Sixth Circuit expressly rejected a construction of Rule 26(c)(1)(A) that assumes that harassment and abuse are inherent in depositions of high-level corporate officers and therefore allows the deposition of an individual in that position to be barred absent a showing that the individual possesses some information that is not readily obtainable from other sources. *Id.* at 901. The Sixth Circuit did not, however, suggest that proportionality considerations under Rule 26(b)(1) are excluded from determinations of the propriety of a requested protective order to preclude the deposition of corporate executives. Rather, if "there is no occasion for the inquiry," including because the information is readily available from other sources, that disproportionality applies equally to Rule 26(c) determinations. *See* 8A Charles Alan Wright & Arthur R. Miller *et al.*, FEDERAL PRACTICE AND PROCEDURE § 2036 *supra*.

Upon consideration of the totality of the circumstances, including proportionality, the Court finds that Mr. Ramsey has shown good cause for a protective order. There are individuals with whom Defendants can explore the facts of this dispute. Given that those individuals have knowledge about the facts and circumstances of this dispute that Mr. Ramsey maintains he does not have, taking Mr. Ramsey's deposition now presents a substantial and unreasonable burden. Nothing precludes Defendants from inquiring of any deponents what role, if any, Mr. Ramsey played or communications they had with him about the events that resulted in this litigation, and, as discussed, bringing any inaccuracies in Mr. Ramsey's representation to the attention of the Court.

The Court's determination that Defendants are appropriately restricted from taking Mr. Ramsey's deposition is further bolstered by Defendants' offer to cancel the deposition in exchange for stipulations by Plaintiff about the merits of this case and damages claimed by Plaintiff. (Docket No. 85-1.) This offer is an indication that Defendants' "deposition notice was being used as an oppressive bargaining chip, contrary to the purpose that deposition requests are meant to serve." *Serrano*, 699 F.3d at 902. For all these reasons, Defendants' subpoena and notice of deposition of Mr. Ramsey (Docket No. 77-1) is quashed. Mr. Ramsey is granted the requested protective order from giving at a deposition at this time. However, if Mr. Ramsey's representations concerning the extent of his knowledge about the facts and circumstances of this dispute are ultimately shown to be inaccurate, Defendants can raise that matter at an appropriate time with the Court, which has the authority to fashion an appropriate remedy.

Plaintiff has also filed a motion for leave to file a first amended complaint. (Docket No. 81.) During the October 30 status conference, Defendants' counsel stated that Defendant intended to object to the relief requested in the motion on futility, timing, and perhaps other

5

grounds. Although the time for a response to the motion to amend has not yet expired, the Court exercises the express discretion afforded by Local Rule 7.01(b) to rule on the motion to amend "prior to the time allowed for response. Local Rule 7.01(b).

Although the Sixth Circuit has not addressed whether a motion to amend is a dispositive or non-dispositive motion, most of the district courts in the Sixth Circuit, including this court, consider an order on a motion to amend to be non-dispositive. *See, e.g., Gentry v. The Tennessee Board of Judicial Conduct*, 2017 WL 2362494, at *1 (M.D. Tenn. May 31, 2017) ("Courts have uniformly held that motions to amend complaints are non-dispositive matters that may be determined by the magistrate judge and reviewed under the clearly erroneous or contrary to law standard of review …") (citations omitted); *Chinn v. Jenkins*, 2017 WL 1177610 (S.D. Ohio March 31, 2017) (order denying motion to amend is not dispositive); *Young v. Jackson*, 2014 WL 4272768, at *1 (E.D. Mich. Aug. 29, 2014) ("A denial of a motion to amend is a non-dispositive order."); *Hira v. New York Life Insurance Co.*, at **1-2, 2014 WL 2177799 (E.D. Tenn. May 23, 2014) (magistrate judge's order on motion to amend was appropriate and within his authority because motion to amend is non-dispositive); *United States v. Hunter*, 2013 WL 5280251, at *1 (S.D. Ohio Oct. 29, 2013) (stating that a magistrate judge's orders denying petitioner's motions to amend a petition pursuant to 28 U.S.C. § 2855 were non-dispositive).

Rule 15 of the Federal Rules of Civil Procedure, which governs the Court's consideration of the pending motion, states that leave to amend a pleading should be "freely given when justice so requires." Fed. R. Civ. P. 15(a). The reason behind such policy is "to reinforce the principle that cases should be tried on their merits rather than the technicalities of pleadings." *Moore v. City of Paducah,* 790 F.2d 557, 559 (6th Cir. 1986) (internal citation and quotation marks omitted). However, the Supreme Court has indicated that while the moving party "ought to be afforded an

6

opportunity to test [its] claim on the merits," one or more of the following conditions may negate this directive: undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, or futility of the proposed amendment. *Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 230, 9 L. Ed. 2d 222 (1962). Nevertheless, the determination as to whether justice requires permission to amend the pleading is within the district court's "sound discretion." *Moore*, 790 F.2d at 559.

Regarding any potential issue of timing, the Court notes that the October 25 deadline for motions to amend set forth in the Initial Case Management Order (Docket No. 13) is the same deadline date agreed to by the parties in their proposed initial case management order (Docket No. 9). Further, the timing from the amendment deadline until the close of fact discovery, on December 6, 2019, is also unchanged from the parties' proposed schedule. (Docket No. 9.) The Court presumes that Defendants took into consideration the possibility and timing of additional discovery for any added claims or parties. Any argument that the amendments must be denied due to timing concerns has no purchase. Additionally, the Court has reviewed Plaintiff's proposed amended complaint and there are insignificant fact amendments, but no new factual allegations. Any needed discovery on the new cause of action asserted in the amended complaint can be accomplished within the remaining discovery period, or, at worst, with a brief extension upon a showing of good cause and attempts to comply with the current deadline.

To the extent that Defendants intend to rely on a futility argument, the Court would be disinclined to consider that argument in the context of a motion to amend. The Sixth Circuit has made clear that any analysis of the futility of proposed amendments is equivalent to the analysis undertaken as part of a Rule 12(b)(6) motion. *See Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 421 (6th Cir. 2000) ("[A] proposed amendment is futile only if it could not withstand a Rule 12(b)(6) motion to dismiss."). The policy behind the futility argument is to prevent the

7

expenditure of unnecessary effort and resources by both the parties and the court. *See, e.g., Matlock v. Rose*, 731 F.2d 1236, 1240-41 (6th Cir. 1984) ("[T]he concern for judicial economy, under the circumstances of this case, is particularly advanced through the futility doctrine."). However, judicial economy is only served in this case if the undersigned concludes, and the District Judge concurs, that denial of Plaintiff's motion to amend is required. Otherwise, the Court is confident that, given the history of this case to-date, any determination of futility in the limited context of an amendment motion would not keep Defendants from again raising the issue in a motion to dismiss.

Other courts in this circuit have commented on the inelegant nature of the futility argument in such a context:

> There is some conceptual difficulty presented when the primary basis for a party's opposition to the filing of an amended pleading is that the pleading is futile, *i.e.* that it fails to state a claim upon which relief can be granted. A Magistrate Judge cannot ordinarily rule on a motion to dismiss, *see* 28 U.S.C. § 636(b)(1)(A), and denying a motion for leave to amend on grounds that the proposed new claim is legally insufficient is, at least indirectly, a ruling on the merits of that claim .... Consequently, rather than determining the actual legal sufficiency of the new claim, in many cases it will suffice to determine if there is a substantial argument to be made on that question and, if so, to allow the amended pleading to be filed with the understanding that a motion to dismiss for failure to state a claim may follow.

*Durthaler v. Accounts Receivable Mgmt., Inc.*, No. 2:10-cv-1068, 2011 WL 5008552, at *4 (S.D. Ohio Oct. 20, 2011). *See also Vanburen v. Ohio Dep't of Pub. Safety*, No. 2:11-cv-1118, 2012 WL 5467526, at *4 (S.D. Ohio Nov. 9, 2012) (holding that due to this "procedural roadblock," the better course would be to allow amendment of the complaint with the understanding that a motion to dismiss may follow filing of the amended complaint); *Research Inst. at Nationwide Children's Hosp. v. Trellis Bioscience, LLC*, No. 2:15-cv-3032, 2017 WL 1487596, at *3 (S.D. Ohio Apr. 26, 2017) (same). Indeed, "it is usually a sound exercise of discretion to permit the claim to be pleaded and to allow the merits of the claim to be tested before the District Judge by way of a motion to

8

dismiss." *Durthaler*, 2011 WL 5008552, at *4. *See also Greenwald v. Holstein*, No. 2:15-cv-2451, 2016 WL 9344297, at *5 (S.D. Ohio Feb. 3, 2016) (same).[4]

While Defendants' counsel mentioned during the October 30 status conference that Defendants contend there is an issue with the legal sufficiency of the additional claim made in the Amended Complaint, the Court finds futility to be an issue more properly raised in the context of a motion to dismiss or other dispositive motion rather than in opposition to an amendment motion. Additionally, the Court does not find here any of the other conditions that might warrant denial of the motion to dismiss. There has been no been no undue delay. As noted, the motion for leave to amend was filed by the deadline agreed upon by the parties and provided for in the Initial Case Management Order. Nor has Plaintiff engaged in repeated amendments that failed to cure prior deficiencies. While Defendants may argue that Plaintiff is proceeding in bad faith or with dilatory motive that results in prejudice to Defendants, the Court finds no evidence of dilatory motive, bad faith or prejudice in the record before it. To be sure, the parties appear determined not to cooperate on even the most basic matters. At some point, perhaps, that will result in a finding by the Court that the conduct of one side or the other is prejudicial or constitutes bad faith. Here, however, Plaintiff filed a timely motion to amend that raises a new claim about which there is at least a substantial argument. Given the clear policy for resolution of disputes on the merits, Plaintiff's motion to amend is not unwarranted and is therefore granted.

The Clerk is directly to separately file the Amended Complaint, presently found at Docket No. 81-1. Once filed, the amended complaint is the legally operative complaint, thus rendering moot Defendants' pending motion to dismiss for failure to state a claim (Docket No. 38) and Defendants'

---

[4] This approach is also the most conceptually and intellectually consistent with the view that motions to amend are non-dispositive matters.

pending motion for judgment on the pleadings (Docket No. 47). The Clerk is therefore directed to terminate those motions without prejudice to refiling as to the Amended Complaint.

It is SO ORDERED.

_____
BARBARA D. HOLMES
United States Magistrate Judge