IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| THE LAMPO GROUP, LLC D/B/A RAMSEY SOLUTIONS, | ) ) ) |
| *Plaintiff,* | ) Case No. 3:18-cv-01402 ) |
| v. | ) Judge Richardson ) Magistrate Judge Holmes ) |
| KEVIN HELMUT PAFFRATH, THE PAFFRATH ORGANIZATION, and MEETNDONE CORPORATION, | ) ) ) ) |
| *Defendants.* | ) ) |

**O R D E R**

A telephonic status and discovery conference was held on November 14, 2019. Counsel participating were: Brandon Bundren and Thor Urness for Plaintiff and Daniel Horwitz for Defendants. On November 13, 2019, the parties filed a joint discovery dispute statement (Docket No. 102), detailing their arguments regarding Plaintiff's request for a protective order of certain financial and other information. Under the broad discretion over discovery disputes afforded to the Magistrate Judge by the Initial Case Management Order and generally vested with the Court regarding discovery matters, the Court elects to treat the joint discovery dispute statement as a motion for a protective order with the additional instructions below.

The Court believes that the determination of good cause for purposes of Rule 26(c)[1] can rest on the Court's discretion to manage discovery and common sense, including here, that, given the facts of this case and the interactions between the parties prior to and during this litigation, a

---
[1] Unless otherwise noted, all references to rules are to the Federal Rules of Civil Procedure.

protective order is warranted. Nevertheless, the Court will instruct the parties to supplement their joint discovery dispute statement as follows:

1. By no later than **5:00 p.m. (CT) on November 18, 2019**, Plaintiff must file a declaration of the particularized injury or injuries (the claimed annoyance, embarrassment, oppression or undue burden or expense) that will result from producing the requested information or testimony without a protective order.

2. By no later than **noon on November 20, 2019,** Defendants may file any counter declarations or a supplemental statement of facts or authorities in opposition to the requested protective order. Defendants' filing may not exceed 3 pages.

No other filings on this issue will be permitted. The depositions scheduled for November 18 through 20 shall be postponed pending the Court's further determination of the propriety and scope of a protective order.[2]

On November 6, 2019, Defendants filed a motion to dismiss the Amended Complaint (Docket No. 96). Pursuant to the Initial Case Management Order (Docket No. 13), Plaintiffs must file a response to the motion to dismiss **within 28 days** of November 6, 2019. The response shall not exceed 25 pages.[3] Defendants may file an optional reply, **which shall not exceed 5 pages**, **within 14 days** from the filing of the response.

On November 7, Defendants filed a motion requesting that the Magistrate Judge amend the order entered on November 1, 2019. (Docket No. 98.) Responsive briefing shall proceed as

---

[2] The Court recognizes there is a December 6 fact discovery completion deadline. The parties should tentatively reschedule the depositions for dates between November 25 and December 6, 2019. If necessary, a brief extension of the discovery deadline will be given to accommodate the depositions.

[3] The Court notes that Defendants' brief in support of their motion to dismiss (Docket No. 97) is 35 pages long, despite the express limitation of 25 pages in the Local Rules and in the Initial Case Management Order.

directed by Local Rule 7.01(a)(3) and (4), except that Plaintiff's response shall not exceed 10 pages and any optional reply filed by Defendants shall not exceed 3 pages.

It is SO ORDERED.

_____
BARBARA D. HOLMES
United States Magistrate Judge

3

Case 3:18-cv-01402   Document 103   Filed 11/15/19   Page 3 of 3 PageID #: 1512