IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| THE LAMPO GROUP, LLC D/B/A RAMSEY SOLUTIONS, | ) ) ) |
| *Plaintiff,* | ) C.A. No. 3:18-cv-01402 ) |
| v. | ) Judge Richardson ) Magistrate Judge Holmes |
| KEVIN HELMUT PAFFRATH, THE PAFFRATH ORGANIZATION, and MEETNDONE CORPORATION, | ) ) JURY DEMAND ) ) |
| *Defendants.* | ) |

## DECLARATION OF JACK GALLOWAY

Jack Galloway declares and states as follows:

1. I am over 18 years of age, have personal knowledge of the matters stated herein unless otherwise indicated, and am competent to give this declaration.

2. I am Senior Executive Vice President of B2B of Plaintiff, The Lampo Group, LLC d/b/a Ramsey Solutions. I submit this Declaration in compliance with the Court's Order dated November 15, 2019 (Docket No. 103).

3. As I understand it, the Court has required in connection with Plaintiff's request for the entry of a protective order that Plaintiff "file a declaration of the particularized injury or injuries (the claimed annoyance, embarrassment, oppression or undue burden or expense) that will result from producing the requested information or testimony without a protective order."

4. I further understand that since Plaintiff has brought claims involving its confidential information and trade secrets, Plaintiff has the right to petition the Court for the entry of an order

requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way.

5. The claims brought by Plaintiff turn in large part on Defendants' actions in obtaining access to and participation in Plaintiff's Endorsed Local Provider program for real estate agents ("ELP") and obtaining confidential information of Plaintiff provided in connection with the ELP program, then making video recordings of, and publishing on Defendant Kevin Paffrath's YouTube channel, confidential information of Plaintiff that was provided to him only in connection with his participation in the ELP program. Paffrath has also made other videos devoted to Plaintiff that appear intended to drive traffic to his YouTube channel, as Plaintiff has alleged in its Amended Complaint.

6. I have reviewed Defendant Paffrath's First Set of Interrogatories and Requests for Production of Documents directed to Plaintiff. These discovery requests seek production of information that Plaintiff contends is trade secret or other confidential research, development, and/or commercial information ("Confidential Information"). (I also gave a deposition at which Defendants' counsel asked me many questions about Plaintiff's Confidential Information, the transcript of which deposition Defendants then filed in this action twice (Docket Nos. 97-2, 99-1).)

7. The Confidential Information of Plaintiff that Defendants seek in discovery includes the following information concerning Plaintiff's ELP business and its operations: identification of the identities of ELP agents in Plaintiff's ELP Program (Interrogatory Nos. 9 and 16 (which seeks "all documents, items, or things that would establish the identity of the persons or entities other than [Paffrath] who signed up with or participated" in Plaintiff's ELP Program "from September 1, 2015, to the present")); personnel and salary information of one of Plaintiff's

employees (Interrogatory No. 12); the "name, address, and phone number of each and every person to whom the Plaintiff has provided" any of its confidential information (Interrogatory No. 23); "all contracts prior to September 2018 between the Plaintiff and any ELP provider or agent" (Request for Production No. 9); "all documents indicating the individuals who participated in the Plaintiff's ELP Program prior to September 2018" (Request for Production No. 10); "all documents, items, or things" to establish "the identity of the persons or entities" other than the Defendant who have received Plaintiff's confidential information since "September 1, 2015, to the present" (Request for Production No. 12); "all documents containing [Plaintiff's] confidential and proprietary information" that Defendants disclosed (Request for Production No. 14); documents that demonstrate Plaintiff's proprietary information "derive[s] independent economic value from being generally unknown to others" (Request for Production No. 15); and Plaintiff's financial information (Interrogatory Nos. 3, 4, and 25 and Request for Production Nos. 3-6, 19, and 26).

8. The Confidential Information of Plaintiff described above is highly confidential, commercially sensitive, and not publicly available. This includes, but is not limited to, the compilation of the identities of those ELP agents in the aggregate, as well as a great deal of financial information pertaining to Plaintiff's ELP agents, their performance, and Plaintiff's business. Plaintiff's internal documentation concerning Plaintiff's ELP program, including the documents provided to ELP agents who participate in the ELP program, is also highly confidential, commercially sensitive, not publicly available, and is provided to ELP agents only after they agree to be bound by the underlying ELP agreement's confidentiality provisions. With respect to Plaintiff's internal documentation, Plaintiff has a policy governing the use of Plaintiff's confidential information and requires that each employee who has access to Plaintiff's confidential information sign an agreement to keep this information confidential.

9. In my judgment, the information described above is of interest and value to Plaintiff's competitors, and disclosure of this information is likely to harm Plaintiff and its business.

10. In light of Defendants' prior actions in disclosing Confidential Information of Plaintiff, Plaintiff is concerned that providing this information to Defendants in discovery without the protections afforded by an appropriate protective order will lead to Defendants' disclosure of this information to the public, thereby harming Plaintiff.

11. From the perspective of Plaintiff, given Defendants' actions before and during this case as to Plaintiff's Confidential Information and the nature and value of that information to Plaintiff, good cause exists for the entry of a protective order to protect Plaintiff's Confidential Information from further disclosure by Defendants beyond the terms set forth in an appropriate protective order.

12. In terms of the particularized injury or injuries that will result from producing the information (or testimony) requested by Defendants, in addition to what I have said about this above, it seems obvious to me that since Defendants have already demonstrated a willingness to make use of Plaintiff's Confidential Information in Paffrath's YouTube videos and Defendants have made it clear that one of their goals is to continue to make videos about Plaintiff, there is a substantial risk that Defendants will use Plaintiff's Confidential Information for Defendants' profit at the expense of Plaintiff, just as Plaintiff has alleged Defendants have done to date. This injury is the very injury for which Plaintiff seeks recovery from Defendants in this action, as noted above.

13. Plaintiff is available to provide further information to and answer questions from the Court in further support of its protective order request.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on November 18, 2019.

_____, Sr. EVP B2B LAMPO LLC
Jack Galloway

# CERTIFICATE OF SERVICE

I certify that on November 18, 2019, I electronically filed a true and correct copy of the foregoing with the U.S. District Court for the Middle District of Tennessee through the Court's Electronic Case Filing System, which will send notice of this filing to counsel of record as follows:

 Daniel A. Horwitz (daniel.a.horwitz@gmail.com)
 Law Office of Daniel A. Horwitz

 *Counsel for Defendants*

        *s/ R. Brandon Bundren*
        R. Brandon Bundren