IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| THE LAMPO GROUP, LLC ) | |
| ) | |
| v. ) | Case No. 3:18-cv-1402 |
| ) | Richardson/Holmes |
| KEVIN HELMUT PAFFRATH, *et al.* ) | |

**O R D E R**

Pending before the Court is a final resolution of the parties' dispute over the propriety and scope of a protective order requested by Plaintiff. *See* Joint Discovery Dispute Statement at Docket No. 102. For the reasons stated below, Plaintiff's request for a protective order is GRANTED. A protective order is separately entered. Also pending is Plaintiff's motion to alter or amend (Docket No. 98), which for the reasons stated below, is DENIED.

**<u>Plaintiff's request for a protective order.</u>**

Under Rule 26(b)(1) of the Federal Rules of Civil Procedure[1], "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). The scope of discovery is not, however, unlimited. Rule 26(b)(2)(C) directs the trial court to limit discovery in certain circumstances. Fed. R. Civ. P. 26(b)(2)(C). The court can limit discovery if the information sought is overly broad or imposes an undue burden upon the party from whom discovery is sought. Fed. R. Civ. P. 26(b)(2)(C)(i) and (ii). Proportionality considerations also inform a court's determination of the proper scope of discovery. Fed. R. Civ. P. 26(b)(2(C)(iii). The determination of "the scope of discovery is within the sound discretion of the trial court." *Chrysler Corp. v. Fedders Corp.*, 643 F.2d 1229, 1240 (6th Cir. 1981).

Contrary to Defendants' contention, "pretrial discovery … ordinarily proceeds as a private interchange between the parties, the fruits of which are not presumptively public." *The Courier*

---

[1] All references to rules are to the Federal Rules of Civil Procedure unless otherwise noted.

1

*Journal v. Marshall*, 828 F.2d 361, 364 (6th Cir. 1987) (citing *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984)). Indeed, as recognized by the Supreme Court, "[t]he unique character of the discovery process requires that the trial court have substantial latitude to fashion protective orders." *Seattle Times Co.*, 467 U.S. at 36

Rule 26(c) allows the Court to enter a protective order "for good cause shown" to protect a party's information from the public eye or shield it to the point that disclosure may only occur in a proscribed manner. Fed.R.Civ.P. 26(c)(1). When a party seeks protection of information, it "must articulate specific facts showing clearly defined and serious injury resulting from the discovery sought and cannot rely on mere conclusory statements." *Nix v. Sword,* 11 Fed. App'x. 498, 500 (6th Cir. 2001).

Here, the information that Defendants seek is proprietary financial and other information that is the foundation of Plaintiff's ELP program as well as information about individuals who are not parties to this litigation.[2] Based on the entire record in this case, including the declaration of Jack Galloway (Docket No. 104), the Court finds good cause for issuance of a protective order. According to the Galloway declaration, the competitive and proprietary information requested by Defendants is provided to ELP agents "only after they agree to be bound by the underlying ELP agreements' confidentiality provisions" (Galloway Decl., Docket No. 104 at ¶ 8). The Court finds that producing the information in discovery without the constraints of a protective order is an unwarranted material alteration of Plaintiff's business practices, which has the real potential to provide competitors with confidential and proprietary information the use of which could result in harm to Plaintiff's business by providing those competitors with a business advantage they would

---

[2] Some of this information (or substantially similar information) may have already been provided to Defendant Paffrath in connection with his attempted participation in the ELP program and which he then undisputedly published on social media.

otherwise not have, namely knowing all about the inner workings of their competitor's operations.[3]

Additionally, the very crux of this dispute is that Defendants made publicly available Plaintiff's competitive and proprietary business information that was supplied to Defendants confidentially. Of course, the merits of Plaintiff's claims have yet to be decided. For that reason, the propriety of divulgence of information is a key point that cannot be overlooked, and the Court gives it some, but not determinative, weight.

Further, to the extent that information about third-parties who are not involved in this litigation, including their personal employment (personnel and salary) information, is relevant, the Court finds that protection of that information is paramount. The parties to this litigation have elected to publicly air their business dispute. But the Court is not inclined to let them drag others unwillingly into that contest, including by allowing the unfettered disclosure of information about those third-parties.

For these reasons, the Court finds that Plaintiff has sufficiently shown good cause for entry of a protective order for discovery purposes. A protective order is issued separately.[4] To be clear, the Court's determination of good cause is for discovery purposes only. The Court is not finding that any information produced in discovery subject to the Court's protective order is properly shielded from public access if otherwise used in this litigation. The Court recognizes the Sixth Circuit's caution against conflating the standards for a protective order under Rule 26 with the "vastly more demanding standards for sealing off judicial records from public view." *Shane Group, Inc. v. Blue Cross Blue Shield of Michigan*, 825 F.3d 299, 307 (6th Cir. 2016). *See also Rudd Equipment Co.,*

---

[3] Defendants contend that Plaintiff provided certain of the information without requiring a confidentiality agreement. Information that is identical to that covered by a protective order may be disseminated if it was gained through means "independent of the Court's processes or is otherwise already available in the public domain." *Seattle Times Co*. 467 U.S. at 34.

[4] The protective order runs both ways, that it may be utilized by both Plaintiff and Defendants in producing discoverable information.

3

*Inc. v. John Deere Construction & Forestry Co.*, 834 F.3d 589, 594-95 (6th Cir. 2016) (protective order in a case is insufficient cause for sealing a document). The party producing the information subject to the protective order has the burden of showing compelling reasons to seal the documents containing the information designated as confidential in discovery and that the sealing is narrowly tailored to those reasons. *Beauchamp v. Federal Home Mortgage Corp.*, 658 F. App'x 202, 207-08 (6th Cir. 2016). The Court's local rules establish a procedure for requests to seal documents. *See* Local Rule 5.03. The burden of establishing that the materials are entitled to protection is on the party who designated or otherwise labeled the materials as confidential.

To further clarify, the Court is not, in this order, ruling on the discoverability of information. The Court makes this clarification because Defendants' response to Plaintiff's request for a protective order suggests that a protective order is not necessary because Plaintiff has no intention of producing the requested information even when subject to a protective order. *See* Docket No. 105. The issues raised in Defendants' response are not before the Court in a proper discovery dispute format. To be sure, the Court is not inviting the parties to yet another discovery contest in this case. To the contrary, the parties are again reminded of the broad scope of Rule 26(b)(1), of the general policy considerations of Rule 1 for just, speedy and inexpensive determination of disputes, and of the Court's expectations that they will reasonably cooperate in discovery. While the Court is ordinarily disinclined to reallocate costs or award attorney's fees in discovery disputes—because those are generally brought to the Court with legitimate, well-grounded positions—the parties' continued inability to resolve discovery disputes extrajudicially may well inspire the Court to depart from its ordinary approach. The parties should proceed accordingly.

**Defendant's motion to alter or amend.**

The Federal Rules of Civil Procedure do not explicitly address motions for reconsideration of interlocutory orders. The Sixth Circuit has stated that district courts have authority both under

4

common law and Rule 54(b) to reconsider interlocutory orders and to afford such relief "as justice requires". *Rodriguez v. Tennessee Laborers Health & Welfare Fund*, 89 F. App'x 949, 959 (6th Cir. 2004) (citations omitted). The determination of whether to reconsider or modify interlocutory orders rests within the "significant discretion" of district courts. *Id*. at n.7.Traditionally, courts will find justification for reconsidering interlocutory orders when there is (1) an intervening change of controlling law; (2) new evidence available; or (3) a need to correct a clear error or prevent manifest injustice. *Reich v. Hall Holding Co.*, 990 F.supp.955, 965 (N.D. Ohio. 1998).

The Court finds none of those circumstances exist here. There has been no intervening change in the law governing Defendants' request to depose Dave Ramsey. Nor is the deposition testimony of Jack Galloway, upon which Defendants rely, new evidence that warrants reconsideration of the Court's prior order. In fact, the Court finds that Mr. Galloway's testimony is consistent with Mr. Ramsey's declaration that he possesses only summary information about this litigation. The Court's prior determination was not based on a finding that Mr. Ramsey knows nothing about this lawsuit. Nor did Mr. Ramsey assert that he knows nothing about this lawsuit. Indeed, that would be nonsensical. Rather, Mr. Ramsey declared that he has "no personal knowledge of any facts involved in this litigation" and that the only information he possesses "about the background and allegations of this litigation is summary information" provided by legal counsel or at the direction of legal counsel. *See* Ramsey Decl., Docket No. 77-2 at ¶ 9. Nothing in Mr. Galloway's testimony contradicts those statements.

Finally, the Court finds no clear error or manifest injustice in its prior order. If anything, Mr. Galloway's testimony reinforces that Mr. Ramsey has only a broad familiarity with the litigation based on general discussions with counsel and about non-substantive matters.

In the response to the motion to alter or amend, Plaintiff requests that the Court preclude Defendants from again seeking relief on the issue of the extent of Mr. Ramsey's knowledge of this

5

litigation. (Docket No. 106 at n.2.) The Court gave Defendants' attorney the choice to conclude the witness depositions to fully gather any information about Mr. Ramsey's knowledge to support Defendants' contention that Mr. Ramsey was less than truthful about that question. Defendants' attorney declined that opportunity. As the Court previously notified Defendants' counsel, the Court does not intend to expend judicial resources on a revolving door of contentions like those made by Defendants about Mr. Galloway's testimony. Defendants, through their attorney, declined the opportunity to marshal information and instead opted to proceed solely on Mr. Galloway's testimony alone. The Court will hold Defendants to that choice. Defendants are precluded from again seeking to depose Mr. Ramsey based on information that his prior declaration was inaccurate.

It is SO ORDERED.

_____
BARBARA D. HOLMES
United States Magistrate Judge